UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

David Libertone )
20 Falcone Circle )
Hampton, NH 03842 )
 )
v. ) Case No.
 )
Karen Clark & Company )
2 Copley Place, Box 11 )
Boston, MA 02116 )

## COMPLAINT AND JURY DEMAND

### PARTIES

1. David Libertone ("Mr. Libertone") is an individual residing at 20 Falcone Circle, Hampton, New Hampshire.

2. Defendant Karen Clark & Company (the "Company") is a Delaware corporation with a principal address at 2 Copley Place, Boston, Massachusetts.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the matter involves claims arising pursuant to and questions of federal law.

4. This action is commenced in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1332, as the parties are citizens of diverse jurisdictions and the amount in controversy, exclusive of interests and costs, is in excess of Seventy-Five Thousand dollars.

### FACTS RELEVANT TO ALL COUNTS

5. David Libertone is 60 years old.[1]

---

[1] He was 59 at the time of filing his original charge of discrimination.

6. In March 2009 the Company hired Mr. Libertone as Senior Software Application Developer.

7. As part of his responsibilities Mr. Libertone trained younger Junior Software Application Developers.

8. Throughout his employment Mr. Libertone received good performance reviews.

9. He was not subjected to any discipline pursuant to the Company's disciplinary policies.

10. He generally worked an average of fifty (50) to fifty-five (55) hours a week.

11. As compensation for his employment, the Company granted Mr. Libertone various stock options.

12. Over time, Mr. Libertone accumulated considerable stock options.

13. Upon information and belief, he and one other older long-term employee had substantial stock options.

14. In and around July-August 2017 Mr. Libertone used his accumulated vacation time for a two-plus week vacation.

15. After years of good performance reviews, the Company began targeting him.

16. Although it did not discipline him, comments were made about him using his accrued vacation time.

17. He was criticized for action and inaction that younger employees also engaged in but for which the Company did not criticize them.

18. In the fall of 2017 (i.e., September and October) his wife required medical tests.

19. Doctors diagnosed her with advanced stage colon cancer.

20. In December 2017 Mr. Libertone advised the Company of his wife's cancer diagnosis.

21. He also advised that she required surgery.

22. Mrs. Libertone had surgery in January 2018.

23. Her medical treatment included chemotherapy involving prescription medicine that cost more than twenty thousand dollars ($20,000) per month.

24. This was billed to the health insurance Mr. Libertone received through the Company.

25. Mr. Libertone required time off to care for his wife.

26. The Company instructed him to use his accrued paid time off.

27. At this time, Mr. Libertone had fifteen (15) accrued paid days off.

28. He used ten (10) of his fifteen (15) accrued paid days.

29. On or about February 9, 2018 the Company notified Mr. Libertone that it was terminating his employment effective March 30, 2018.

30. It put him on unpaid leave until his effective termination date.

31. At the time the Company advised Mr. Libertone of his termination, he had not yet used all of his accrued paid days off.

32. Mr. Libertone requested reasonable accommodation including him working part-time or working half days from home and half days in the office.

33. The Company permitted other employees to do this.

34. It refused Mr. Libertone's requests.

35. The Company also advised Mr. Libertone that its termination of his employment meant that he would lose his stock options.

36. This conclusion appears contrary to the stock option grants.

37. The conclusion also is, upon information and belief, the opposite of what the Company advised another long-term employee with stock options whom the Company advised could sell back his options to the Company at the Company valuation.

## LEGAL CLAIMS

### COUNT I

### (Age Based Discrimination – ADEA and M.G.L. 151B)

38. Plaintiff incorporates herein by reference all allegations in the complaint.

39. Mr. Libertone is a member of a protected age group.

40. Defendant took adverse employment action against Mr. Libertone including terminating his employment because of his age

41. As a direct and proximate result of the foregoing, Mr. Libertone suffered damages.

42. Mr. Libertone demands judgment against defendant including, but not limited, back pay, front pay, compensatory damages, enhanced compensatory damages, and attorney's fees, any and all other damages to which he is entitled including all interest all of which is within the jurisdictional limit of this Court.

### COUNT II

### (Disability Based Discrimination – ADA and M.G.L. 151B)

43. Plaintiff incorporates herein by reference all allegations in the complaint.

44. Plaintiff disclosed to the defendant that his wife had a disability (cancer).

45. Defendant discriminated against the plaintiff based on his relationship or association with an individual with a disability by denying him use of his accrued paid time off.

46. Defendant took adverse employment action against Mr. Libertone including terminating his employment because of his association with an individual with a disability.

4

47. As a direct and proximate result of the foregoing, Mr. Libertone suffered damages.

48. Mr. Libertone demands judgment against defendant including, but not limited, back pay, front pay, compensatory damages, enhanced compensatory damages, and attorney's fees, any and all other damages to which he is entitled including all interest all of which is within the jurisdictional limit of this Court.

## COUNT III

### (Disability - Retaliation)

49. The plaintiff incorporates by reference all prior allegations within this Complaint.

50. Mr. Libertone engaged in protected activity under the ADA and M.G.L. 151B by requesting to use his accrued paid time off to care for his wife's disability.

51. Defendant took adverse employment action against Mr. Libertone by denying him use of his accrued paid time off and by terminating his employment.

52. Defendant's adverse employment action against Mr. Libertone was causally related to his engaging in protected activity under the ADA and M.G.L. 151B.

53. As a direct and proximate result of the foregoing, Mr. Libertone suffered damages.

54. Mr. Libertone demands judgment against defendant including, but not limited, back pay, front pay, compensatory damages, enhanced compensatory damages, and attorney's fees, any and all other damages to which he is entitled including all interest all of which is within the jurisdictional limit of this Court.

## **JURY DEMAND**

55. Plaintiff demands a jury trial on all claims so triable.

Respectfully submitted,


DAVID LIBERTONE

By his Attorneys,

SHERMAN LAW, PLLC


Dated: August 14, 2019                    By: /s/John P. Sherman
                                          John P. Sherman #565755
                                          Sherman Law, PLLC
                                          111 Bow Street, Unit 2
                                          Portsmouth, NH  03801
                                          (603) 570-4837
                                          jsherman@johnshermanlaw.com

6